J-S57022-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
　　　　　　　Appellee　　　　　　 :
:
　　　　v.　　　　　　　　　　　 :
:
MILIQUE K. WAGNER, : 
:
　　　　　　　Appellant　　　　　 :
: No. 2258 EDA 2017

Appeal from the PCRA Order June 16, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000127-2011

BEFORE:　　PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

CONCURRING STATEMENT BY STRASSBURGER, J.: **FILED DECEMBER 18, 2018**

In footnote four, the Majority takes note of **Buchanan v. Kentucky**, 483 U.S. 402, 418-19 (1987). In that case, the United States Supreme Court held that a defendant's Sixth and Fourteenth Amendment rights are not violated when the government jointly tries before a "death-qualified jury"[1] a defendant who is not facing the death penalty with a co-defendant who is facing the death penalty. *Id.* at 420. However, neither this Court

---

[1] **See Commonwealth v. Woodard**, 129 A.3d 480, 507 (Pa. 2015) ("'Death-qualifying' a jury has been defined as the process of asking questions during *voir dire* to identify individuals who object to the death penalty and cannot impose a death sentence under any circumstance and excluding those persons from the jury.").

---

*Retired Senior Judge assigned to the Superior Court.

nor our Supreme Court has addressed specifically whether such a scenario would violate the rights provided by the constitution of this Commonwealth.

Our constitution provides a right to trial by jury that is "inviolate." Pa. Const. Art. 1, § 6. In all criminal prosecutions, the accused has a right to a "trial by an impartial jury of the vicinage" and he cannot be "deprived of his life, liberty[,] or property, unless by the judgment of his peers…." Pa. Const. Art. 1, § 9. In my view, it is common sense that a jury which is open to imposing the death penalty would be predisposed towards conviction and not representative of a cross-section of society, and therefore, neither an impartial jury nor a jury of one's peers. *See Com. v. Maxwell,* 477 A.2d 1309, 1319 (Pa. 1984) (Nix, C.J., dissenting) (expressing view that death qualification violates the guarantees of Article I, sections 6 and 9 of the Pennsylvania Constitution based upon empirical data that supports "what common sense has long suggested to be true, namely, that the death qualification process practiced in this and other jurisdictions produces juries that are both prosecution-prone and unrepresentative"); Brandon Garrett, *et. al.*, *Capital Jurors in an Era of Death Penalty Decline*, 126 Yale L.J. Forum 417, 429 (2017) (concluding after conducting a study in Orange County, California, a county which leads in imposition of the death penalty, that death-qualification excludes even more jury-eligible adults than previously thought; in Orange County, death qualification had the potential to exclude up to 35% of jury-eligible adults); Richard C. Dieter, *The Future*

***of the Death Penalty in the United States***, 49 U. Rich. L. Rev. 921, 936–37 (2015) (noting that a death-qualified jury "will have proportionately higher numbers of whites, males, Republicans, and others who represent a more conservative segment of society" and be more likely to find a defendant guilty than a randomly selected jury); Justin D. Levinson *et. al.*, ***Devaluing Death: An Empirical Study of Implicit Racial Bias on Jury-Eligible Citizens in Six Death Penalty States***, 89 N.Y.U. L. Rev. 513, 573 (2014) (concluding after conducting a study in six of the most active death penalty states that "death-qualified jurors hold stronger implicit and self-reported [racial] biases than do jury-eligible citizens generally").

While I am constrained to acknowledge that the law permits such a conviction-prone jury in the case of a defendant who is facing the death penalty, ***see Lockhart v. McCree***, 476 U.S. 162 (1986) and ***Commonwealth v. Peterkin,*** 513 A.2d 373, 384 (Pa. 1986), I cannot in good conscience countenance such a result for a defendant who did not commit a crime punishable by the death penalty. Nevertheless, I join the Majority's memorandum because Appellant did not raise an argument regarding a violation of his rights under the Pennsylvania constitution. Thus, I am constrained to affirm.